UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:11CV468-PPS |
| | ) | |
| THE TREASURE BOX, INC. and | ) | |
| HEATHER HIATT, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

The liability of Defendants Treasure Box, Inc. and Heather Hiatt for trademark infringement and trademark counterfeiting with respect to Plaintiff Coach's marks has already been determined by way of summary judgment. [DE 36.] Subsequently the parties stipulated that Coach would not pursue its other claims and that damages would be determined on my consideration of documentary evidence rather than by a jury. [DE 41.] Now before me is Coach's Request for Judgment [DE 42] in which Plaintiffs make their case for the damage award they seek. The Treasure Box and Hiatt are now without counsel, following the withdrawal of their attorney last summer [DE 38], and they have filed no response or opposition to Coach's damages request.

Liability for trademark infringement and trademark counterfeiting under 15 U.S.C. §1114 gives rise to damages governed by §1117. A successful plaintiff in a case involving the use of a counterfeit mark can elect between damages under §1117(a) based on the defendant's profits and plaintiff's actual damages, or statutory damages under §1117(c). Coach here opts for statutory damages, which are subject to these limits:

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods..., as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of good..., as the court considers just.

As the mathematical foundation of the statutory damages range, Coach relies on the declaration of its Intellectual Property Coordinator Dayanara Perez (submitted in support of Coach's motion for partial summary judgment) attesting that her examination of evidence gathered in the investigation of The Treasure Box discloses "at least fifteen (15) examples of infringed Coach Marks among the Infringing Products kept and/or sold by The Treasure Box in October 2011." [DE 21-1 at 9.] This conclusion by Perez is based on an investigative report submitted to her by a private investigator who purchased items at the Treasure Box and who took digital photographs of the infringing items while in the store.

Courts "have concluded that where the infringing acts are based on very similar marks, it may be appropriate to take this fact into account when calculating statutory damages to ensure that the Plaintiffs do not receive a windfall." *Chanel, Inc. v. Dudum*, 2012 WL 5833562 at *8 (N.D.Cal. Oct. 29, 2012). *See also Adobe Sys., Inc. v. Tilley*, 2010 WL 309249 at *5 (N.D.Cal. Jan. 9, 2010); 2-5 GILSON ON TRADEMARKS §5.19. The Seventh Circuit has indicated that per "type of goods" does not mean "per individual item bearing the counterfeit mark." *Gabbanelli Accordions & Imports, L.L.C. v. Ditta Gabbanelli Ubaldo di Elio Gabbanelli*, 575 F.3d 693, 698 (7th Cir. 2009). Similarly, the term "per counterfeit mark" must mean the number of marks violated, not the number of appearances of the marks on various goods. *See, e.g., Chanel, Inc. v. 7PerfectHandbags.com*, 2014 WL 352197 (S.D.Fla. Jan. 31, 2014) (awarding $6,000 per mark x

20 marks x 15 types of goods, clearly not based on the number of appearances of the unlawful marks on a large inventory of merchandise sold through websites and e-stores).

Coach cites a number of instances in which district courts have awarded substantial amounts of statutory damages in cases involving counterfeit trademarks for comparable luxury goods. [DE 42 at 3-4.] Emboldened by such cases and noting that the evidence establishes that Defendants are willful counterfeiters, Coach requests statutory damages of $1,500,000, calculated at $100,000 for each of the 15 infringing Marks noted by Declarant Perez.[1]

The cases Coach relies on generally involve large-scale high-volume operations (often via internet sales rather than a single brick-and-mortar store) and other distinguishing factors such as actual manufacture of counterfeit goods. *See*, *e.g.*, *Gucci America, Inc. v. Curveal Fashion*, 2010 WL 308303 (S.D.N.Y. Jan. 20, 2010) (multiple websites with a large scale of operation); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 521-22 (S.D.N.Y. 2010) (high volume sales of high quality knock-offs of multiple luxury brands; thousands of counterfeit items; continued sales after a finding of liability); *Gucci America, Inc. v. MyReplicaHandbag.com*, 2008 WL 512789 (S.D.N.Y. Feb. 26, 2008) (manufacture of counterfeit merchandise; sales of more than 400 different goods online via multiple websites).

In several instances, in an apparent effort to bolster the reasonableness of its request for $100,000 for each of 15 Marks, Coach identifies a case as imposing *less* statutory damages than it actually does, when the fuller context would explain why a greater sum (and one much greater

---

[1] My conclusions underlying the summary judgment determination have already included a finding that "The Treasure Box and Heather Hiatt acted with knowledge and intent" [DE 36 at 17], sufficient to raise the cap on statutory damages per mark from $200,000 under subsection (1) to $2,000,000 under subsection (2), but the greater headroom will not come into play in this case in any event.

than contemplated here) was awarded. *See, e.g., Louis Vuitton Malletier, S.A. v. LY USA*, 2008 WL 5637161 (S.D.N.Y. Oct. 3, 2008) (a manufacturer operating a "massive counterfeiting enterprise" was subject to $3 million in statutory damages, though Coach here cites it for one component of that total sum, a $250,000 baseline amount applied to 4 marks); *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354 (S.D.N.Y. Apr. 17, 2002) (seller via multiple websites with 90,000+ visitors subject to total statutory damages of $600,000, though Coach cites it here for a $100,000 baseline applied to 1 Ralph Lauren trademark).

In numerous other cases more analogous to this one, courts have awarded more modest amounts of statutory damages per mark. *See*, *e.g.*, *Chanel, Inc. v. 7PerfectHandbags.com*, 2014 WL 352197 (S.D.Fla. Jan. 31, 2014) (awarding $6,000 per mark x 20 marks x 15 types of goods for a total award of $1.8 million for counterfeit sales via websites and e-stores); *Chanel, Inc. v. Zhang Yang, et al.*, 2013 WL 5755217 (N.D.Cal. Oct. 21, 2013) ($3,000 per 35 marks infringed for a total of $105,000 in statutory damages, even as against a defendant using 145 domain names to sell counterfeit goods); *Chanel, Inc. v. Dudum*, 2012 WL 5833562 at *8 (N.D.Cal. Oct. 29, 2012) ($5,000 per 2 marks per 5 types of goods = $50,000 in statutory damages against individual operating her business out of her home, using Facebook and sponsoring "purse parties").

Among the decisions I consider instructive for this case are 4 cases in which Coach was also the plaintiff. In *Coach, Inc. v. Becka*, 2012 WL 5398830 (M.D.Ga. Nov. 2, 2012), defendant Gail Becka was an individual who operated a single retail shop with greater distribution and more goods than Hiatt's Treasure Box store. *Id*. at * 1, *6. The district court found the appropriate statutory damages to be calculated at $2000 per 8 marks for a total of

$16,000.  *Id.* at *7.  In *Coach, Inc. v. Paula's Store Sportwear LLC*, 2014 WL 347893 (D.N.J. Jan. 31, 2014), Coach requested $100,000 for each of 8 counterfeited marks at a shop from which four counterfeit Coach wallets and two counterfeit Coach handbags had been seized.  Taking into account that the retail value of those 6 items was less than $1500, the court awarded $5000 per the 8 marks multiplied by the two types of goods for a total statutory damages award of $80,000.  *Id*. at *4.

A third Coach case is *Coach, Inc. v. Fashion Paradise, LLC*, 2012 WL 194092 (D.N.J. Jan. 20, 2012), which involved a small shop with a substantially bigger counterfeit operation than has been shown at The Treasure Box (evidence of merchandise including approximately 50 handbags, 15 wallets, 10 scarves, 5 belts and 3 pairs of shoes).  *Id.* at *7.  Coach asked for $100,000 per 3 marks per 5 types of goods, for a total statutory damages award of $1.5 million.  *Id*. at *8.  The district court awarded a multiplier of $30,000 per mark per type of goods, for a total of $450,000 in statutory damages.  What's remarkable about the *Fashion Paradise* case is that the defendant had a previous default judgment for infringing Coach marks at a different shop.  *Id*.  In a fourth case,  Coach provided only 2 images of allegedly infringing product, showing a single item bearing two different counterfeit Coach marks.  The court found that Coach's request for $100,000 in statutory damages "outweighs the egregiousness of Defendants' conduct." *Coach, Inc. v. Sexy Fashion*, 2013 WL 3233393 at *2 (C.D.Cal. June 25, 2013).  Instead, the court awarded $20,000 per each of the two counterfeit marks for a total of $40,000 in statutory damages.  *Id.* at *3.

Because the statute provides little guidance to assist courts in determining what award to "consider just," courts sometimes resort to consideration of factors that have been identified as

relevant to the analogous statutory damages provision in the Copyright Act, 17 U.S.C. §504(c). *See*, *e.g.*, *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004). Among these considerations are the profits reaped by the infringer; the revenues lost by the plaintiff; the value of the trademarks; whether the infringing conduct was willful; the duration of the infringement; and the potential deterrent effect on the defendant and others. *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 503-04 (1st Cir. 2011). I consider each of these factors in turn.

Because of the small scale of The Treasure Box's brief operation, neither Defendants' profits nor Coach's lost revenue militate in favor of a large statutory damages award in this case. In support of the summary judgment motion, Coach relied on evidence that the counterfeit merchandise offered for sale at The Treasure Box included at least 7 handbags, 3 wallets and several keychains. [DE 21 at 8.] At that time I noted that, for purposes of liability, "The Treasure Box's arguments that it ran a trifling local operation [were] neither here nor there." [DE 36 at 10.] Now, at the damages stage, the small (even trivial) scale of the infringement is a factor in the fixing of a proper damages award. Even using the high end of the retail price ranges for genuine Coach products [DE 36 at 3], the total retail value of 7 handbags, 3 wallets and 3 keychains is less than $3,000. Statutory damages should represent some approximation of actual damages and are not to represent a windfall to a prevailing plaintiff. *Chanel, Inc. v. Dudum*, 2012 WL 5833562 at *8 (N.D.Cal. Oct. 29, 2012); *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004); 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT §14.04[E][1][a], at 14-95 (2008) (statutory damages "should be woven

out of the same bolt of cloth as actual damages" and there should be some correlation between actual damages and counterfeiter's profits and any statutory damages award).

Concerning the value of Coach's trademarks, I consider that in the four Coach cases earlier described, courts valued their marks for purposes of the statutory damages formula at between $2000 per mark and $30,000 per mark, for an average of approximately $14,000 per mark. Coach is right to rely upon the bold willfulness of Hiatt's efforts to sell what she knew was knock-off Coach merchandise. Coach is less on target when it attempts to justify its damages request by complaining, without citation to any support in the record, that "Defendants have prevented Coach from obtaining full discovery regarding the entire scope of their operations," so that it is "reasonable to infer" that there is more to Defendants' unlawful activities than the merchandise displayed at the time of Coach's investigation. [DE 42 at 5.] No discovery issues appear to have been raised by motion during the case's referral to the magistrate judge for such matters.[2]

As for deterrence, Mom & Pop operators such as the Hiatts could doubtless be deterred from similar conduct by much less frightful sums than the $1.5 million Coach requests. And the Hiatts and The Treasure Box appear themselves to be beyond deterrence in that the store closed after only three months in late 2011, which fact obviously limited the duration of the infringement. [DE 36 at 2.]

---

[2] Another unhelpful suggestion by Coach is that the judgment should be limited to the statutory damages for trademark counterfeiting and infringement under the Lanham Act "notwithstanding any other claims established by Plaintiffs." [DE 42 at 5.] No other claims have been established, as Coach should well know, since the motion for partial summary judgment sought to establish liability on only 2 of the 10 claims pled in Coach's amended complaint, and Coach has subsequently stipulated away the other 8 claims without any determination of liability.

I have attempted to weave together all these many considerations to arrive at a statutory damages award that adequately but not excessively reflects the willfulness of Defendants' sale of counterfeit merchandise infringing on Coach's valuable brand, but realistically captures the minor scale of Defendants' short-lived operation and the deterrent value of the award. With these factors in mind, I conclude that a statutory damages award of $45,000 is appropriate. Accepting Coach's representation that there are 15 counterfeit marks at issue here, a damage award of $45,000 amounts to an award of damages of $3,000 per mark.

Coach also seeks attorney's fees of $14,780.00 plus expenses and costs of $1,076.16. Attorney's fees are addressed in the last sentence of §1117(a)(3): "The court in exceptional cases may award reasonable attorney's fees to the prevailing party." Remember that subsection (a) generally addresses recovery in the form of a defendant's profits plus any damages actually sustained by the plaintiff. In contrast, subsection (c) provides a separate option for prevailing plaintiffs in counterfeiting cases, who may "elect...instead of actual damages and profits under subsection (a)...an award of statutory damages." This structure of §1117 has given rise to a question whether recovery of attorney's fees is available when statutory damages under subsection (c) are elected.

The only Court of Appeals to have address the question is the Second Circuit, in which district courts were divided on the issue. In a thorough analysis of the statutory text and the legislative history and purpose, the Second Circuit concluded that subsection (c) offers an election as to the basis for damages, but not an election of all remedies (including attorney's fees), and that when subsection (c) was added to §1117 in 1996, Congress intended to expand the range of remedies available, not to restrict them. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*,

676 F.3d 83, 109-10 (2nd Cir. 2012). The Court decided that "an award of attorney's fees is available under section 1117(a) in 'exceptional' cases even for those plaintiffs who opt to receive statutory damages under section 1117(c)." *Id*. at 111.

The limitation to "exceptional" cases found in §1117(a) is construed by the Second Circuit to include cases in which "the losing party was the defendant and had no defense yet persisted in trademark infringement." *Nightingale Home Healthcare, Inc. v. Andoyne Therapy, LLC*, 626 F.3d 958, 964 (7th Cir. 2010). The Court of Appeals has also indicated the term applies to cases involving "malicious, fraudulent, deliberate or willful" conduct. *S Industries, Inc. v. Space-Age Technologies*, 116 Fed.Appx. 752, 753 (7th Cir. 2004). The willfulness of Defendants' knowing sale of counterfeit Coach goods, for which Defendants had no viable defense, supports a determination that the case is eligible for an award of attorney's fees. Exercising my discretion in the matter, I find that an award of fees is appropriate here in addition to a relatively modest statutory damages award, so as to make Coach whole for Defendants' infringing conduct. The amounts requested for attorney's fees ($14,780.00) and expenses and costs ($1,076.16) are well documented by Coach, and appear to be reasonable and necessary. They will be awarded as part of the judgment.

ACCORDINGLY:

Plaintiffs Coach, Inc. and Coach Services, Inc.'s unopposed Request for Judgment [DE 42] is GRANTED IN PART AND DENIED IN PART.

The Clerk shall enter judgment against defendants The Treasure Box, Inc. and Heather Hiatt jointly and severally on Counts I and II of the amended complaint in the amounts of

$45,000.00 in statutory damages, plus $14,780.00 in attorney's fees, and expenses and costs of $1,076.16.

**SO ORDERED**.

ENTERED: March 6, 2014.

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT